**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6477**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

KEVIN STEVENS, JR.,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:11-cr-00073-RBS-LRL-2; 2:16-cv-00452-RBS)

Submitted: March 1, 2021                                Decided: March 4, 2021

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Dismissed and authorization granted by unpublished per curiam opinion.

Kevin Stevens, Jr., Appellant Pro Se. Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Stevens, Jr., seeks to appeal the district court's order denying relief on his motion to reconsider the denial of his 28 U.S.C. § 2255 motion. In 2016, this court granted Stevens' motion for authorization to file a second or successive § 2255 motion. The court denied the motion and we denied a certificate of appealability and dismissed the appeal. *See United States v. Stevens*, 788 F. App'x 208 (4th Cir. 2019) (No. 16-7686). Over three years after the § 2255 motion was denied, Stevens filed the subject motion to reconsider, asserting that the rule announced in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague) is a new rule of constitutional law that called into question the validity of two of his convictions. The district court denied the motion on the merits and Stevens appealed. We conclude that Stevens' motion to reconsider was the functional equivalent of a § 2255 motion and the district court did not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (holding that "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). Accordingly, we deny a certificate of appealability and dismiss Stevens' appeal.

Consistent with our decision in *Winestock*, we construe Stevens' notice of appeal and informal brief as an application to file a second or successive § 2255 motion in light of the rule announced in *Davis*. *Winestock*, 340 F.3d at 208. We may authorize the filing of a successive § 2255 motion only if Stevens relies on either (1) newly discovered evidence, or "(2) a new rule of constitutional law, made retroactive to cases on collateral

2

review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because of our recent decision *In re Thomas*, __ F.3d __, __, No. 19-292, 2021 WL 725619, at *1 (4th Cir. Feb. 23, 2021) (granting authorization to file second or successive § 2255 motion), we conclude that Stevens has met his burden of showing that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review and that he "has stated a plausible claim for relief that warrants further exploration by the district court." *Id.*, 2021 WL 725619, at *6.

Accordingly, we deny a certificate of appealability and dismiss the appeal, but we grant Stevens authorization to file a second or successive § 2255 motion in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED;*
*AUTHORIZATION GRANTED*